IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 15-00286-KD-C |
| | ) | |
| RONDELL HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Motion to Vacate Home Confinement and memorandum in support filed by Defendant Rondell Hall and the United States' response (docs. 48, 50). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

In May 2016, Hall plead guilty and was convicted of the offense of felon in possession of a firearm. He was sentenced to serve 57 months in prison with a 36-month term of supervision upon release (doc. 31). Hall's supervision began in September 2020. However, in November 2021, Hall was found in violation of conditions of supervised release and sentenced to serve 24 months in prison followed by 12 months supervised release (doc. 47). As a special condition of supervised release, Hall will be placed on home detention with location monitoring for the 12-month term. Specifically,

> You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (home detention).

(Doc. 47, p. 3).

Hall now moves pursuant to Fed. R. Crim. P. 33 to correct the imposition of 12-months on home detention as a condition of supervised release (doc. 48). He argues that pursuant to 18

U.S.C. § 3583(e)(3), his maximum term of imprisonment upon revocation is 24 months.[1] He points out that the United States Sentencing Guidelines § 5F1.2 states that "[h]ome detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment" (doc. 48, p. 3). He also argues that he would receive jail credit for the 12-month home detention.

From this, Hall argues that the 12 months of home detention can "only" be imposed as a "substitute for imprisonment" and not in addition to his 24 months imprisonment. He argues that his imprisonment and home confinement result in a 36 month term of imprisonment which exceeds the statutory maximum of 24 months. Therefore, his special condition of 12 months of home detention should be vacated.

The United States argues that Hall did not identify a legal basis for the relief he now seeks (doc. 50, p. 4-7). The United States argues that Hall's reliance on Fed. R. Crim. P. 33 is misplaced because there was no trial, and even if the Rule could apply, Hall has not shown grounds sufficient to merit relief. The United States also argues that the Court should not construe Hall's motion as identifying any other procedural basis for the relief requested because he is represented by counsel and not proceeding *pro se*. The United States also argues that Hall has not identified any clear or plain error, but instead has identified a legally ambiguous issue that has not been specifically resolved in this circuit (doc. 50, p. 7-11).

B. <u>Analysis</u>

The district courts have discretion to impose conditions of supervised release, subject to statutory restrictions. 18 U.S.C. § 3583(d). Among those, the district court may

---

[1] Hall was convicted of a Class C felony. Section 3583(e)(3) states that for a Class C felony, the term of imprisonment for revocation is 24 months.

2

require that a defendant remain at home during non-working hours with electronic monitoring, but by statute, this condition "may be imposed only as an alternative to incarceration." 18 U.S.C. § 3583(e)(4). The Sentencing Guidelines include a similar requirement. U.S.S.G. § 5F1.2 ("Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment.").

> In an unpublished opinion, the Court of Appeals for the Eleventh Circuit has found that
>
> Home detention can be imposed as a condition of supervised release, id. § 3563(b)(19), as long as the combined term of incarceration and home detention does not exceed the maximum term of incarceration allowed, *see, e.g., United States v. Ferguson,* 369 F.3d 847, 852 (5th Cir. 2004) (finding district court "erred by imposing a term of incarceration as well as a term of home detention that combine to exceed the maximum statutory term of incarceration").

United States v. Taylor, 550 Fed. Appx. 819, 821 (2013).

However, the Eleventh Circuit has also found that a sentence of home confinement is not incarceration, as follows:

> The sentences of home confinement were specific conditions of probation, and probation is an impermissible sentence for the firearm offenses. In any event, a sentence of home confinement is not incarceration. *See generally United States v. Chavez*, 204 F.3d 1305, 1315 (11th Cir. 2000) (confinement in a halfway house is not imprisonment); *Dawson v. Scott*, 50 F.3d 884, 888–91 (11th Cir.1995) (same). Confinement in a halfway house, which *Chavez* and *Dawson* found not to be imprisonment, is more restrictive than home confinement.

United States v. Mangaroo, 504 F. 3d 1350, 1354 (11th Cir. 2007).

Also in United States v. Clemons, Clemons was sentenced to 24 months for conspiracy to possess stolen mail and to commit bank fraud. 228 Fed. Appx. 888 (11th Cir. 2007). A 36-month term of supervised release was imposed. Id. On the second violation, her conditions were modified to include 6 months home confinement with electronic monitoring. Id. at 889. Almost a year later, Clemons violated her conditions again. This time, she was sentenced to a term of imprisonment of 24 months, the

3

maximum under the advisory guidelines. Id. Clemons objected that she should receive six months credit for the time in home confinement on supervised release. Id.

On appeal, *inter alia*, Clemons challenged "whether the sentence imposed violated 18 U.S.C. § 3583(e)(3) because it exceeded the maximum of 24 months' imprisonment when combined with the home confinement already served." Id. at 890. The Eleventh Circuit found that "we doubt that home confinement is the equivalent of imprisonment, which Clemons must show to establish that the statutory maximum imprisonment under section 3583(e)(3) was exceeded." Id.

Although this case addressed presentence confinement – Clemons' conditions were modified to allow home confinement as an alternative to incarceration[2] for her second violation before she was sentenced on the third revocation - as opposed to the circumstance now before the Court where Hall will be in home confinement after he completes his sentence - the implication is that the Eleventh Circuit may not consider home confinement as the equivalent of imprisonment.

The Eleventh Circuit also explained that

> Precedent in the context of 18 U.S.C. § 3585(b)-which addresses credit for presentence confinement-rejects characterizing pretrial home confinement as "official detention" for purposes of awarding sentencing credit under section 3585. *See Rodriguez v. Lamer*, 60 F.3d 745, 748 (11th Cir.1995). And we have said that "release stipulations or imposed conditions that do not subject a person to full physical incarceration do not qualify as official detention." *Dawson v. Scott*, 50 F.3d 884, 888 (11th Cir.1995).

---

[2] The Eleventh Circuit stated that "[u]nder section 3583(e), the district court is authorized to impose home confinement 'as an alternative to incarceration.' 18 U.S.C. § 3583(e)(4). The district court exercised its section 3583(e)(4) authority when it modified Clemons's supervised release [to include six months home confinement] instead of revoking it in 2005." 228 Fed. Appx. at 890.

228 Fed. Appx. at 890.

Assuming for purposes of this motion, that Hall could challenge his revocation sentence by way of Rule 33, the motion is due to be denied. There is no clear or plain error which would merit granting the motion.

**DONE** and **ORDERED** this the 14th day of January 2022.

                                <u>/s / Kristi K. DuBose</u>
                                **KRISTI K. DuBOSE**
                                **UNITED STATES DISTRICT JUDGE**